IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG O TIRES, LLC, a Nevada limited liability company, f/k/a BIG O TIRES, INC., a Colorado corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JASON C. BROWN f/d/b/a Big O Tires #135 and STACY D. BROWN,<br><br>　　　　　Defendants. | 1:09cv01469 OWW DLB<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO AMEND MOTION FOR DEFAULT JUDGMENT<br>(Documents 9 and 31) |

On September 28, 2009, Plaintiff Big O Tires, LLC f/ka/ Big O Tires, Inc. ("Big O") filed the present motion for default judgment against Defendant Jason C. Brown ("Defendant"). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. The matter was heard on October 30, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Michael W. Davis appeared telephonically on behalf of Plaintiff. Gary Ellis, a witness, also appeared telephonically and provided testimony under oath. Defendant Jason Brown did not appear.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Big O filed a complaint for trademark infringement, unfair competition, breach of contract and breach of personal guarantee against Defendants Jason C. Brown d/b/a Big J Tires f/d/b/a Big O Tires #135 and Stacy D. Brown on August 19, 2009.

1

According to the complaint, Big O is a franchisor of retail tire and automotive stores. Big O owns numerous United States Patent and Trademark registrations, including BIG-O, BIG O, BIG O TIRES and design, WWW.BIGOTIRES.COM, A REPUTATION YOU CAN RIDE ON, and BIG FOOT 60 (collectively "Marks"). Big O also has trade dress that consists of the overall layout of the franchised locations, including decorative maroon, black and white stripes, a red and white interior, red and black employee uniforms with Big O logos and point of purchase materials and displays (collectively "Trade Dress").

Effective January 1, 2004, Big O entered into a franchise agreement with Defendant Jason Brown ("Defendant"), which licensed Defendant to use the Marks for a ten-year term. The agreement was guaranteed by Defendant Stacy Brown ("Guarantor"). Defendant operated a Big O franchise at 2940 Geer Road, Turlock California. In June 2008, Big O learned that Defendant relocated his Big O franchise, without permission, to 821 North Golden State Boulevard, Turlock, California.

On May 23, 2008, Defendant and Guarantor were sent notice that Defendant was in default for (1) failure to pay for product ordered from Big O; (2) failure to pay royalties, (3) failure to contribute to the national advertising fund; and (4) failure to pay to the local advertising fund. The default notice originally was sent to the Geer Road address, but a follow-up notice of default was sent to Defendant at the Golden State address on June 5, 2008. Defendant and Guarantor were given through June 30, 2008, to cure the defaults.

The defaults were not cured. Defendant and Guarantor were advised by letter dated July 10, 2008, that Defendant's Big O franchise was terminated, that he must immediately "de-identify" his location as a Big O store and immediately comply with the franchise agreement's post-termination obligations. Post-termination obligations required that Defendant cease and desist using the Marks and Trade Dress, assign and transfer to Big O his franchise telephone number and customer list, honor his non-compete covenant, pay Big O all amounts owed and return all proprietary manuals. *See* Complaint generally.

On August 22, 2008, Defendant filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court Eastern District of California, Modesto Division, *Case No. 08-91757*. The Bankruptcy Court granted relief from stay to allow Big O to pursue its nonmonetary claims against Defendant in this Court. The Bankruptcy Court also permitted Big O to pursue its monetary claims against Defendant in this Court with the condition that any judgment be enforced as a proof of claim in the Defendant's bankruptcy. Exhibit 4 to Motion for Default Judgment.

As of August 19, 2009, when Big O filed this action, Defendant had not ceased from using the Marks and Trade Dress, had not assigned or transferred the telephone or customer lists, had not honored the non-compete and had not returned the manuals. Big O alleges that Defendant continues to operate a competing tire business under the name of "Big J Tires" and is using the Marks, Trade Dress, telephone number and customer list.

Defendant Jason Brown was personally served with the summons and verified complaint on August 31, 2009. Guarantor Stacy Brown was personally served on September 1, 2009.

On September 2, 2009, Big O filed a motion for preliminary injunction. The hearing was set for October 19, 2009.

On September 25, 2009, pursuant to Big O's request, the Clerk of the Court entered default as to Defendant Jason Brown.

On September 28, 2009, Big O filed the instant motion for default judgment against only Defendant Jason C. Brown. In the motion, Big O indicated that it was currently engaged in settlement discussions with the Guarantor and it had agreed to extend time for her to file an answer to the verified complaint. Guarantor is represented by counsel.

On October 5, 2009, Big O and Guarantor Stacy Brown stipulated to entry of a preliminary injunction against Ms. Brown. The Court granted the stipulated preliminary injunction.

On October 19, 2009, the Court held a hearing on Big O's motion for preliminary injunction against Defendant Jason Brown. Defendant did not appear for the hearing and the Court granted the preliminary injunction.

By the instant default judgment motion, Big O seeks the following:

3

1. $120,642.33 for past due accounts receivables, royalties receivables, and advertising receivables pursuant to the franchising agreement;
2. $26,294.58 in prejudgment interest pursuant to the franchising agreement;
3. Attorneys' fees and costs totaling $25,024.51;
4. Interest accruing at 18% until judgment is satisfied pursuant to the franchising agreement;
5. A permanent injunction, including a covenant not to compete for a two-year period; and;
6. A return of all manuals and proprietary materials.

On October 9, 2009, Defendant Jason Brown was served personally with the motion for default judgment, but has failed to respond or otherwise communicate with the Court.

On October 27, 2009, Big O filed a motion to amend the instant motion for default judgment. In the motion, Big O indicates that it no longer wishes to pursue the covenant not to compete against Defendant and requests the Court amend the motion by replacing the proposed order.

## LEGAL STANDARD

Big O moves for entry of default judgment by the Court. Federal Rule of Civil Procedure 55(b) governs default judgment and, in relevant part, provides:

> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted."

4

10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

## DISCUSSION

Defendant Jason C. Brown was served personally with the summons and verified complaint on August 31, 2009. Defendant is not an infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Affidavit of Harold R. Bruno, III ¶ 4 (Exhibit 3 to Motion for Default Judgment).

The possibility of prejudice to the Plaintiff, the merits of Plaintiff's substantive claim, the sufficiency of the complaint, and the sum of money at stake in the action weigh in favor of Plaintiff. As Defendant is in default, he has not presented any argument or evidence demonstrating the possibility of a dispute concerning material facts or the possibility of any defense. Defendant also has not presented any argument or evidence that the entry of default was due to any excusable neglect. Accordingly, these factors also favor Plaintiff.

Having accepted the well pleaded allegations of the complaint as true, Plaintiff is entitled to judgment.

Requested Relief

1. Monetary Damages

Big O seeks judgment against Defendant Jason Brown in the total amount of $171,961.42. This amount consists of the following:

a. $120,642.33 for past due accounts receivables, royalties receivables and advertising receivables pursuant to the franchise agreement. As an exhibit to the verified complaint, Big O submitted the Notice of Termination, which calculates Defendant's outstanding debts through July

5

10, 2008. The debts are identified as accounts receivable and royalties/national marketing fund (past due and estimated for current month) totaling $120,642.33. Exhibit 4 to Verified Complaint.

 b. $26,294.58 in prejudgment interest pursuant to the franchise agreement calculated at 18% per annum, at a per diem of $59.49 from the July 10, 2008 Notice of Termination through September 25, 2009 (442 days). Big O contends that pursuant to Section 8.04 of the agreement, it is entitled to interest on all amounts owed by Defendant and Guarantor under the agreement at the rate of 18% per annum. Section 8.04 provides:

> 8.04 <u>Late Fees</u>. If any fee or any other amount due under this Agreement, including payments for Products and Services, is not received within ten (10) days after such payment is due, Franchisee shall pay Big O interest equal to the lesser of the daily equivalent of eighteen percent (18%) per annum of such overdue amount per year, or the highest rate then permitted by applicable law, for each day such amount is past due.

Exhibit 1 to Verified Complaint, p. 10.

 c. $17,335.00 in Robinson Waters & O'Dorisio, P.C. attorneys' fees, pursuant to the agreement. In support of the request for attorneys' fees, Big O submitted billing records broken down by attorney and hourly rate. Exhibit A to Affidavit of Attorneys' Fees and Costs. Big O asserts that pursuant to Section 27.02 of the franchise agreement, it is entitled to recover all costs and expenses incurred in collecting amounts due and owing by Defendant, including attorneys' fees and costs. Exhibit 1 to Verified Complaint, p. 29.

 d. $3,098.01 in Robinson Waters & O'Dorisio costs, pursuant to the agreement. Costs are outlined in the billing records and include computerized legal research, copy charges, postage and a retainer for "Colaw & Augustine LLP." Exhibit A to Affidavit of Attorneys' Fees and Costs.

 e. $3,831.50 in Donahue Gallagher & Woods, LLP attorneys' fees. Donahue Gallagher is California counsel. In support of this request for attorneys' fees, Big O submitted the Declaration of Andrew S. MacKay. Mr. MacKay declares that his hourly billing rate is $395 and he spent 9.7 hours litigating this matter. Declaration of Andrew S. MacKay ("MacKay Dec.") ¶3.

 f. $760.00 in Donahue Gallagher & Woods, LLP costs. Mr. MacKay declares that his firm advanced costs of $760, which include $350 in filing fees for the complaint, $360 in filing fees for pro

6

hac vice applications and $50 in process server fees.  MacKay Dec. ¶3.

Big O also seeks interest against Defendant accruing at 18% per annum from the date of the Order until the judgment is satisfied in full.  Big O asserts that pursuant to Section 8.04 of the agreement, it is entitled to interest on all amounts owed by Defendant and Guarantor under the agreement at the rate of 18% per annum.  Exhibit 1 to Verified Complaint.

In the instant default judgment, the Court finds Plaintiff's request for damages is appropriate and recommends that Plaintiff be awarded $120,642.33 for past due accounts receivables, royalties receivables and advertising receivables and $26,294.58 in prejudgment interest.  The Court also recommends that Plaintiff be awarded its attorneys' fees and costs, along with interest against Defendant accruing at 18% per annum from the date of the order until the judgment is satisfied.

2. Injunctive Relief

Big O requests that the Court issue an injunction to halt Defendant's unauthorized use of its trade dress and to prevent Defendant from further infringing on Big O's trademarks.  Under the Lanham Act, injunctive relief is available to prevent future trademark infringement and to enjoin use of trade dress.  *See* 15 U.S.C. § 1116(a) (court has power to grant injunctions to prevent violation of any right of the registrant of a registered mark); Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1180-81 (9th Cir. 1988) ("Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement.").

Big O also seeks injunctive relief to require Defendant to assign Big O all of his business telephone numbers and customer lists.  Pursuant to Sections 20.01(e) and 20.01(h) of the franchise agreement regarding post-termination obligations, Defendant must assign customer lists and business phone numbers to Big O.  Exhibit 1 to Verified Complaint, p. 25.

Big O additionally asks that Defendant be directed to deliver to Big O all signs, advertising materials, forms, labels, prints, packages, wrappers, receptacles and all other materials in possession of or under the control of Defendant that use the Marks or Trade Dress.  See 15 U.S.C. § 1118 (delivery and destruction of infringing articles).

7

The Court recommends entry of a permanent injunction, including assignment of telephone numbers and customer lists and delivery of materials that use Big O's Marks or Trade Dress.

### 3. Return of Proprietary Materials

Big O also seeks return of all manuals and proprietary materials. As this is part of the post-termination obligations under Section 20 of the franchise agreement the Court finds return of the materials appropriate. Exhibit 1 to Verified Complaint, p. 25.

### 4. Non-Compete Covenant

Big O originally sought to enforce a covenant not to compete contained in the franchise agreement between Big O and Defendant. However, on October 27, 2009, Big O filed a Motion to Amend Motion for Default Judgment. In the motion, Big O explains that it no longer wishes to pursue the covenant not to compete against Defendant and requests that the Court amend its motion for default judgment. Big O's request is GRANTED and the motion for default judgment is amended to exclude the non-compete covenant as requested relief.

## **RECOMMENDATION**

For the reasons discussed above, the Court RECOMMENDS that:

1. Plaintiff's motion for default judgment in favor of Plaintiff and against Defendant Jason C. Brown be GRANTED;

2. Judgment be entered in favor Big O and against Defendant in the amount of $171,961.42 consisting of:

   a. $120,642.33 for past due accounts receivables, royalties receivables and advertising receivables pursuant to the franchise agreement.

   b. $26,294.58 in prejudgment interest pursuant to the franchise agreement calculated at 18% per annum, at a per diem of $59.49 from the July 10, 2008 Notice of Termination through September 25, 2009 (442 days).

   c. $17,335.00 in Robinson Waters & O'Dorisio, P.C. attorneys' fees, pursuant to the agreement.

   d. $3,098.01 in Robinson Waters & O'Dorisio costs, pursuant to the agreement.

  e. $3,831.50 in Donahue Gallagher & Woods, LLP attorneys' fees.

  f. $760.00 in Donahue Gallagher & Woods, LLP costs.

3. Interest against Defendant accruing at 18% per annum from the date of the Order until the judgment is satisfied in full.

4. Plaintiff be GRANTED the following permanent injunction:

 a. Pursuant to 15 U.S.C. § 1116, Defendant, his officers, agents, servants, employees and attorneys, and those persons in active concert or participating with him who receive actual notice of this order by personal service or otherwise are enjoined from engaging in the following act in California and the United States or in foreign commerce:

  i. Using the Marks and Trade Dress in the advertising or sale of tires and automotive services;

  ii. Using in any manner any service mark, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations or any combination thereof which would imitate, resemble or suggest the Marks or Trade Dress, including using the mark "Big J";

  iii. Otherwise infringing the Marks or Trade Dress;

  iv. Unfairly competing with Big O, diluting the distinctiveness of Big O's well known Marks and Trade Dress and otherwise injuring Big O's business reputation in any manner; and

  v. Publishing any telephone listings using the Marks and any other name containing words confusingly similar with the Marks.

 b. Pursuant to 15 U.S.C. § 1116 and applicable contractual provision in the Agreement, Defendant is required to assign Big O all of his business telephone numbers and customer lists; and

 c. Pursuant to 15 U.S.C. §1118, Defendant is directed to deliver to Big O all signs, advertising materials, forms, labels, prints, packages, wrappers, receptacles and all other materials in possession of or under the control of Defendant, that use the Marks or Trade Dress.

5. Defendant be ordered to return to Big O all manuals and proprietary materials of Big O.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within

thirty days (plus three days if served by mail) after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

IT IS SO ORDERED.

    Dated:   **November 4, 2009**                **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE